THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* OTIS CARTER, Defendant-Appellant.

First District (4th Division)  No. 62009

Opinion filed July 14, 1976.

James R. Streicker and Lynn Sara Frackman, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Eugene J. Rudnik, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

Defendant, Otis Carter, was found guilty of murder following a bench trial. He was sentenced to a prison term of not less than 15 nor more than 30 years in the State penitentiary.

On appeal, the defendant raises the issues of whether he was denied a fair trial if the trial court excluded introducible evidence and whether the defendant was proven guilty beyond a reasonable doubt.

Chicago police investigator Timothy Nolan testified at trial he visited apartment 1003 at 120 North Hermitage on May 2, 1973. Barbara Carter and the defendant were there, and identified the apartment as Barbara Carter's apartment. Officer Nolan talked with the defendant and, after informing him of his "Miranda rights" obtained certain statements of fact. According to these statements, defendant and a group of friends were in Barbara Carter's apartment. Defendant saw "Cowboy" on the street below and asked someone to fetch a rifle, which the defendant had originally obtained because of a previous quarrel with "Cowboy." Defendant turned off the lights and pointed the gun out the window. Defendant cocked the gun and said he was going to "Blow his ["Cowboy's"] ass away." Before the defendant pulled the trigger, Stevens reached over, took the gun and said, "Let me do it." Stevens fired out the window but missed "Cowboy," striking and killing Sylvania Heath. Defendant and Stevens then both agreed they had made a mistake in that they had shot the wrong person.

Although defendant did not testify at trial, at the hearing on his motion to suppress the oral confession he denied ever making any incriminating statement and denied any involvement in the shooting of Sylvania Heath.

By various eyewitness testimony, at the party in Barbara Carter's apartment were defendant, Johnny Stevens, Carl Dixon, Douglas Jerri Archie, Charles Clopton, Elaine Johnson and Barbara Carter.

Charles Clopton testified he was in the washroom of Barbara Carter's apartment at the time the shot was fired. He heard the sound, left the washroom, ran to the front of the apartment and looked out of the window. Clopton testified he heard the defendant say to Stevens, "Man, you shot that girl." This testimony was objected to by the State's attorney, as being hearsay. The objection was sustained and that part of the testimony was stricken.

Carl Dixon testified on defendant's behalf. He and the defendant were sitting together in the apartment for 1 hour and 25 minutes when Stevens entered. Stevens retrieved a .22-caliber rifle and played with it for 2 or 3 minutes whereupon Dixon left the room. Dixon testified that prior to the shooting he never saw the defendant with either bullets or the rifle in his hands. Dixon indicated he re-entered and saw Johnny Stevens point the gun out the window, aim and fire it. Dixon estimated anywhere from 2 to 8 minutes elapsed from the time the shot was fired until the time Johnny Stevens came out of the bedroom and went into the living room, where he was allegedly told by the defendant, "Man, you shot that girl."

Douglas Jerri Archie also testified on behalf of the defendant. Archie stated at the moment the shot was fired he and the defendant were sitting on the bed, 2 or 3 feet from the window. Archie never saw anyone other than Johnny Stevens in possession of a rifle.

Defendant's brother, Bobby Carter, testified he was standing 4 inches from Miss Heath as she fell. He was not permitted to testify regarding what Stevens said to him subsequent to the shooting, just after Stevens had come out of the apartment.

Defendant was found guilty as charged, and was sentenced to a term of 15 to 30 years.

The defendant claims he was not proven guilty beyond a reasonable doubt. The accountability section of the Illinois Criminal Code provides, in pertinent part:

"A person is legally accountable for the conduct of another when * * * [e]ither before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense. * * * " Ill. Rev. Stat. 1973, ch. 38, par. 5—2.

Defendant admitted the following: his presence on the date and time in question in the apartment where the fatal shot was fired; he had been in a previous altercation with "Cowboy"; as a result of this altercation defendant ordered someone to provide him with a rifle; the group entered the bedroom of the apartment, turned off the lights and looked out the window; defendant and Stevens went to the window where defendant pointed the rifle toward the street, aimed and cocked the firing

mechanism; the defendant expressed an intention to "Blow his ["Cowboy's"] ass away"; Stevens seized the weapon from defendant's hands and said, "I want to do it; let me do it"; and Stevens aimed the weapon and fired, missing "Cowboy" and striking Miss Heath.

Many of the facts admitted by the defendant were corroborated by the trial testimony of various witnesses, although the evidence is somewhat contradictory as to the extent of the defendant's involvement.

■■ The law is well settled in Illinois in regard to a certain aspect of deference owed to a trial judge by courts of review. In the absence of a jury, the credibility of witnesses, the weight to be given their testimony and the inferences to be drawn therefrom are for the trial judge and, upon review, courts of review will not substitute their judgment for his, unless it clearly appears there is reasonable doubt of defendant's guilt. See *People v. Guido* (1962), 25 Ill. 2d 204, 184 N.E.2d 858.

Here, it was the province of the trial court, who was no doubt aware of the interests of the witnesses in the outcome of the trial, to determine the truth of the matter.

Upon review of the entire record we are convinced the evidence fully supports the trial court's finding of guilt for the offense of murder by accountability.

Defendant claims he was denied a fair trial because the trial court excluded introducible evidence.

After the fatal shot was fired, Stevens waited in the dark bedroom before exiting into the living room. Upon entering the living room, it is apparent the defendant told Stevens he had shot a girl by mistake. Testimony as to this statement was excluded upon objection as being hearsay.

■■ Defendant claims his statement was admissible under the spontaneous declarations exception to the hearsay rule.

The presence of three factors is necessary to bring a statement within the spontaneous declarations exception to the hearsay rule: (1) an occurrence sufficiently startling to produce a spontaneous and unreflected statement; (2) absence of time to fabricate; and (3) the statement's relevance to the circumstances of the occurrence. *People v. Poland* (1961), 22 Ill. 2d 175, 174 N.E.2d 804.

The question is whether the statement was the result of reflective thought or whether it was a spontaneous reaction to the event. A most important factor entering into this determination is the element of time.

Carl Dixon testified Stevens had remained in the bedroom anywhere from 2 to 8 minutes after the shot was fired before entering the living room, where the statement in question was made.

Of significance is the fact the defendant cites three instances at trial whereby testimony of defendant's statement to Stevens was excluded as

being hearsay, yet in each of these occasions defendant failed to argue or prove the statement was spontaneous to the shooting.

The trial court's finding the statement in question was not admissible under the spontaneous declarations exception to the hearsay rule is not proven to be error in view of the proof at trial of the length of time between the startling event and the statement.

Furthermore, assuming *arguendo*, the statement was spontaneous, its exclusion was harmless to the defendant's case. The statement in question was neither critical nor did it tend to prove defendant's innocence. The fact that Stevens "shot a girl" is not disputed. Nor does defendant offer any suggestion as to how his statement of this undisputed fact would negate any element of the offense charged against him.

The next question presented is whether the defendant was denied a fair trial when he was not allowed to introduce evidence of Stevens' admission, which was made on the street at the place where Sylvania Heath was struck by a bullet and killed. Defendant claims the statement was a spontaneous declaration and, as such, an exception to the hearsay rule.

At the trial the State objected to the introduction of such evidence, as being hearsay. Arguments were heard as to whether the statement could be categorized as an exception to the hearsay rule. The trial judge found no exception to the hearsay rule existed and sustained the State's objection.

The evidence is uncontroverted. Stevens fired a shot from a rifle, from a tenth-floor apartment, striking and killing a young girl on the street below. Stevens delayed between 2 and 8 minutes before leaving the apartment. He then descended 10 floors and exited the building, going out into the street.

A finding this statement in question was not admissible under the spontaneous declarations exception to the hearsay rule is fully supported by the record.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

JOHNSON, P. J., and ADESKO, J., concur.